DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DAMON JOHN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil No. 2011-29 |
| OFFICE OF THE CHIEF TERRITORIAL PUBLIC DEFENDER and DAVID JACKSON, | ) ) |
| | ) |
|       Defendants. | ) ) |

ATTORNEYS:

**Damon John**
Golden Grove Prison
St. Croix, U.S.V.I.
    *Pro se.*

### ORDER

**GÓMEZ, J.**

    Before the Court is plaintiff Damon John's ("John") petition for a writ of mandamus. John seeks a writ instructing the "Public Defender" and David Jackson, the "Public Investigator," to turn over certain information.

    John's petition for a writ of mandamus was filed on March 2, 2011. The same day he filed his petition, John also filed an application for leave to proceed *in forma pauperis*. On June 7, 2011, Magistrate Judge Ruth Miller denied John's application to proceed *in forma pauperis* without prejudice.

    The docket does not indicate that any other actions were taken by John. There is no indication that John ever served either of the named defendants. Additionally, there is no record of a filing fee

John v. Terri Public Defender et al.
Civil No. 2011-29
Order
Page 2

having been paid or of a second motion for leave to proceed *in forma pauperis*.

"[A] complaint is not formally filed until the filing fee is paid[.]" *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996). Paying the filing fee, or receiving permission to proceed *in forma pauperis*, is necessary to commence an action. *See id.* at 191 ("Therefore, once the filing fee requirement is satisfied (either through remittance of the filing fee or the district court's grant of the plaintiff's IFP application), the filing date will relate back to the date on which the clerk received plaintiff's papers.") Because John has not paid a filing fee, nor has he been granted permission to proceed *in forma pauperis*, there is no properly filed petition upon which the Court could rule.

The premises considered, it is hereby

**ORDERED** that John's petition for a writ of mandamus is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of Court shall close this case.[1]

S\_____
      **CURTIS V. GÓMEZ**
      **District Judge**

---

[1] The Court notes that on March 31, 2012, the Magistrate ordered John to file proof of service on the defendants or to show cause why the action should not be dismissed for lack of timely service no later than April 19, 2012. The March 31, 2012, order stated that a failure to file proof of service or to show cause by the deadline might result in dismissal of John's action. To date, John has not responded.

Because the Court holds that there is no properly filed petition, it need not reach the issue raised in the Magistrate's March 31, 2012, order.